## Tobias Wanack v. The People, use of, etc.

1. DRAM-SHOP ACT—*Pleading and Practice.*—A declaration in a suit under the dram-shop act on a dram-shop keeper's bond which, without any reference to former proceedings and judgment against the principal, states in clear and certain terms that such principal sold to the deceased intoxicating liquor by reasons of which he became intoxicated and in consequence of such intoxication was killed, leaving a widow and children, etc., who were thereby injured in their means of support, discloses a breach of the obligation, sufficient to support a judgment on demurrer without the introduction of evidence.

Debt, on a dram-shop keeper's bond. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

RUFUS M. POTTS, JOHN E. HOGAN and JAMES L. DRENNAN, attorneys for appellant.

J. C. & W. B. McBRIDE and FRANK P. DRENNAN, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action of debt by the appellees against appellant as one of the sureties upon the bond of Charles L. Wanack, principal, given under the provisions of section 5 of the dram-shop act. Appellant demurred to the declaration, which, being overruled by the court, he stood by the demurrer, whereupon the court gave judgment against him for $3,000 debt, and $2,000 damages, the debt to be satisfied upon payment of the damages, from which judgment he prosecutes this appeal, insisting that the court erred in such action, and in the admission of certain evidence afterward.

The declaration, after reciting the execution of the bond and the issuance of the license to Charles L. Wanack to keep a dram-shop, in substance avers the licensee furnished,

sold and gave to John Alexander intoxicating liquors, by reason of which, February 11, 1897, he became intoxicated, and in consequence of such intoxication fell from his wagon and was killed, and left the plaintiffs, appellees here, his widow and children, who were residing with him at the time of his death, and were thereby injured in their means of support.

The declaration then sets up the proceedings in the Circuit Court in the suit of the same plaintiffs against Charles L. Wanack, the person to whom said license was issued, and Peter Michels, the owner of the buildings in which the business was conducted, and the sales of the liquor made by which the injury ensued, and the judgment of the court in such case, by which plaintiffs recovered $2,000 for injury to their means of support, in consequence of the death of John Alexander so occasioned.

The declaration then concludes, in substance, with the averment that by means of the statements contained in the declaration the plaintiffs have sustained damages to the amount of $3,000, which the defendant has not paid, or any part thereof, nor the said Charles L. Wanack, nor the said Peter Michels, whereby and by force of the statute an action has accrued to the plaintiffs to demand of the defendant for the use, etc., $3,000 as their debt, and the further sum of $3,000 as damages.

The principal ground upon which it is insisted the judgment should be reversed, and the only one, in our opinion, possessing the merit of consideration, is that inasmuch as the former proceedings and judgment set forth in the declaration were under section 9 of the act in question, by which exemplary damages may be recovered in addition to actual damages, while under section 5 of the same act, upon which the present action is based, exemplary damages can not be recovered, as the latter section is construed by the decision of the Supreme Court, therefore such judgment in the former case, furnishes no basis for a recovery in this, and the court erred in overruling the demurrer to the declaration, for such reason.

It is an elementary rule of pleading that a demurrer admits all that is well pleaded in the pleading to which the demurrer is interposed, and applying this rule to the declaration before us, our conclusion is that the question sought to be raised in this court, and which we have above stated, does not necessarily arise, and we therefore express no opinion regarding it. By rejecting all that is said in the declaration concerning the former proceedings and judgment, there still remains stated a complete cause of action against the appellant, well pleaded and therefore admitted by the demurrer, including the averment of the amount of damages sustained to the means of support of the plaintiffs of more than an ample sum to cover the amount of the judgment given by the court; and so rejecting and disregarding, which we think may properly be done, the matter to which appellant objects, and on account of which he insists the demurrer should have been sustained, he is still liable by his own admission for $3,000, and the judgment being for $2,000 only, he is not in a position to complain. The declaration, without any reference to the former proceedings and judgment, states in clear and certain terms that the principal in the bond, sold and gave to John Alexander, the husband and father, intoxicating liquor, by reasons of which, February 11, 1897, he became intoxicated, and in consequence of such intoxication fell from his wagon and was killed, leaving the appellees, his widow and children, who were residing with him at the time of his death, and who were thereby injured in their means of support to the amount of $3,000, thereby disclosing, as we think, a clear breach of the obligation upon which the suit is based, and sufficient to support the judgment that was rendered, and that, too, without reference to the evidence that was introduced after the demurrer was overruled. The introduction of such evidence was wholly unnecessary, and could have no effect whatever after the cause of action was admitted by appellant, and if its admission was error, it did appellant no harm. Finding no reversible error, the judgment of the Circuit Court will be affirmed.